JAMES L. AGNEW *vs.* THEODORE MAX *et al.*

MARCH 5, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J.   This case is before us on certification by the Superior Court, under General Laws of 1923, Chapter 348, Sec. 5, and under a rule adopted by this court in the exercise of its rule-making power, of the following question: "Under the provisions of chapter 1327 of the public laws of 1929, is the plaintiff entitled to a trial by jury, when the only written claim for a jury trial was filed by him in the district court of the sixth judicial district and said written claim for jury trial was transmitted to, and was on file in, the Superior Court eighteen days before assignment day thereof?"

The case was originally begun in the District Court mentioned in the certification, and after a trial there a decision was rendered for the defendants.   Within two days thereafter the plaintiff, in accordance with General Laws 1923, Chap. 336, Sec. 7, as amended by Public Laws 1929, Chap. 1326, filed a written claim of appeal, in consequence of which the case was transferred to the Superior Court for trial *de novo* on all questions of law and fact.   This chapter of the General Laws regulates civil practice in District Courts.   In that section, before it was amended, it was provided, among other things, that, in such a case as this one, "either plaintiff or defendant may claim a jury trial in writing within two days, exclusive of Sundays and legal holidays, after the decision is made."   By other provisions of the General Laws, as they were before the amendments made in 1929, the effect of such a claim of a jury trial, filed in the District Court, was to cause the case to be certified to the Superior Court, for a trial *de novo,* which would be by jury, unless the parties waived in writing the right to such a trial.

In the instant case the plaintiff, at the same time when he filed in the District Court his written appeal, also filed a written claim for a trial by jury. Thereafter, in accordance with the statutory requirement, all the papers in the case, including both the plaintiff's claim of appeal and his claim for jury trial, were transmitted to the clerk of the Superior Court. There no new claim for jury trial was filed by any of the parties. Yet, on motion filed by the plaintiff after the assignment-day for the case, it was assigned to the jury-trial calendar, apparently without any objection by any of the defendants. It was later partially tried by jury and then discontinued as to all the defendants, except Theodore Max, and taken from the jury and passed, with permission to the plaintiff to amend his declaration and bill of particulars.

After the amendments had been made, the defendant filed a motion that the case be assigned for trial on the miscellaneous calendar, where it would be tried without a jury. The plaintiff filed a written objection to such assignment, asserting that it should be assigned for a trial by jury. After a hearing on this motion, but without any assignment thereon for trial, it was, on motions of both parties, certified by the court to this court for determination of the question above set forth, as being a question of such doubt and importance and so affecting the merits of the controversy that it ought to be determined by this court before any further proceedings thereon in the Superior Court.

The determination of this question depends mainly on the construction and effect of General Laws, 1923, Chap. 337, Sec. 6, as amended by Public Laws, 1929, Chap. 1327. This chapter of the General Laws is entitled "Of Civil Practice in the Superior Court", and the pertinent part of Sec. 6 thereof, before it was amended, read as follows: "In all actions at law and civil appeals pending in the superior court, the parties therein may waive in writing the right of trial by jury, and in such cases the court sitting

without a jury shall try and determine the issues in said case, both as to the law and as to the facts, and render a decision therein." Since the amendment of 1929 the corresponding provision of the section has read as follows: "In every action at law originally brought in the superior court, or removed to the superior court on appeal from a district court, if neither party files a written claim for a jury trial at any time before its assignment day, then jury trial shall be deemed to be waived in such case, and if no jury trial be claimed as aforesaid, the court shall hear, try and determine the said case both as to the law and as to the facts and render decision therein, subject to the right of review as provided by law."

Since each of these two corresponding provisions, for determining whether actions in the Superior Court should be tried by jury or not, was enacted as a part of a chapter pertaining exclusively to practice in the Superior Court, and was made to apply alike to actions originally brought in that court and to those removed to that court from a District Court, it is our opinion that the only natural construction of the language of the section as amended is that the claim of jury trial, to be effective, must be filed in the Superior Court.

This construction is also supported by the fact that the original section clearly did not apply to an action originating in a District Court before it reached the Superior Court. This and the language of the first phrase of the amended section make it almost certain that the legislative intent in the amending act was that the amended section should, in like manner, not apply to an action originating in a District Court until it reaches the Superior Court. We are therefore of the opinion that the filing in a District Court by a party of a claim for a jury trial, in addition to a claim of appeal, does not entitle him to a jury trial in the Superior Court.

But it does not necessarily follow that the question whether such party is entitled to such a trial, if the claim

for a jury trial is received by the clerk of the District Court and transmitted by him, with the papers in the case, to the clerk of the Superior Court and is received by the latter clerk before the assignment-day and retained with such papers, must be answered in the negative. A very similar question was decided in 1902 by the appellate division of the Supreme Court of this State in *Wildes* v. *Draper*, 24 R. I. 262. That division then was the tribunal with final appellate jurisdiction, at least for nearly all purposes; and the case was certified to it by the common pleas division of the Supreme Court, which was then the tribunal for jury trials.

The case had originated in a District Court, where the plaintiff, after submitting to a decision for the defendant, had filed a claim for jury trial, in consequence of which, under the statute then in force, the case was certified to the common pleas division for a trial *de novo*. General Laws, 1896, Chap. 238, Sec. 3, then in force, provided that, in any case thus certified to that division, further pleas might be filed there within ten days from the day of certification. The papers in the case were certified by the clerk of the District Court under date of May 20, 1901, and two days later the defendant filed in that court two special pleas, which were transmitted by the clerk, with the papers in the case, to the clerk of the common pleas division, who received them on May 24, 1901.

The appellate division held that these special pleas were filed in accordance with the statutory provision above cited, saying at page 264, with reference to the right to file such special pleas: "Having this right, a party may file his pleas, subject only to the condition that they are filed with the papers within the time prescribed. The statute does not require him to file them with his own hand, and we see no reason for holding that they are not properly filed through his attorney, the attorney's clerk, the clerk of the District Court, or anybody else, so long as they are filed. Such was the fact in this case. The pleas in

question were with the papers received by the Clerk of the Common Pleas Division within the required time, and, hence, they were filed within the meaning and terms of the statute."

In accordance with the decision of that case and the reasoning upon which it was based, we hold that, though the statute requires that in a case certified from a District Court to the Superior Court a claim for a jury trial, to be effective, must be filed in the office of the clerk of the latter court, and though the only proper practice is to file such a claim directly in such office, yet the requirement should be treated as substantially complied with, if such claim is filed in the District Court and is transmitted by the clerk of that court, with the other papers in the case, to the clerk of the Superior Court and is received by the latter clerk before the assignment day of the case.

We therefore answer in the affirmative the question certified to us. That the general rule thus determined should govern the instant case is made particularly clear by the facts that the defendants for nearly a year treated it as one for a jury trial in the Superior Court and permitted it, without objection, to be assigned for such a trial and even partially tried.

The papers in the case, with our decision certified thereon, are ordered to be sent back to the Superior Court for further proceedings.

*Arthur L. Conaty*, for plaintiff.

*Hartigan, Mullen & Roberts, Thomas J. Flynn, Wilfrid E. McKenna*, for defendant.